UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Edwin Harju,

        Plaintiff,

v.

Timothy Comrie, I.S.R. Supervising
Agent, Arrowhead Regional
Corrections, Minnesota
Department of Corrections,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civ. No. 06-1761 ADM/SRN

---

Joseph Edwin Harju, *pro se*.

John D. Kelly, Esq., Hanft Fride, P.A., Duluth, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Joseph Edwin Harju's ("Plaintiff") Objections [Docket No. 45] to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") [Docket No. 44] dated May 29, 2007.[1] The R&R recommends that Defendant Timothy Comrie's ("Comrie") Motion for Summary Judgment [Docket No. 24] be granted. For the reasons set forth below, the R&R is adopted.

## II. BACKGROUND

The procedural and factual history of Petitioner's case are well documented in Magistrate Judge Nelson's R&R and are incorporated by reference herein. Briefly stated, Plaintiff, a Level

---

[1] The R&R directed that objections be filed by June 13, 2007. Plaintiff's objections were filed June 15, 2007 and are dated June 12, 2007. Under the circumstances, the objections will be considered as timely and the merits will be addressed.

III Sex Offender, was released on March 22, 2004 from the Minnesota Correctional Facility at Moose Lake and placed on intensive supervised release. Comrie Aff. [Docket No. 27] ¶ 3. On August 17, 2004, Plaintiff's supervised release was revoked because he violated the terms of his supervised release by having indirect contact with minors and by possessing sexually explicit material. Id. Ex. G.

Plaintiff initiated this § 1983 action on May 12, 2006. Compl. [Docket No. 1]. Plaintiff's Amended Complaint [Docket No. 10], filed on June 19, 2006, alleges that "[s]ometime between May 18, 2004 and August 2, 2004," Comrie, an Intensive Supervised Release Supervising Agent, orally forbade Plaintiff from associating with or contacting gay adult associations or organizations for help with civil litigation Plaintiff had commenced against various tobacco companies. Am. Compl. at 2-3. Plaintiff asserts Comrie's alleged restriction violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments.[2]

### III. DISCUSSION

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b).

The R&R recommends that Comrie's Motion for Summary Judgment be granted. Plaintiff's objections are centered on his argument that Magistrate Judge Nelson failed to apply the proper standard for summary judgment. Federal Rule of Civil Procedure 56(c) provides that

---

[2] Comrie is an employee of Arrowhead Regional Corrections, Minnesota Department of Corrections. As noted in the R&R, Comrie is the only defendant in this action. See Am. Compl. Therefore, the Clerk will be instructed to terminate Arrowhead Regional Corrections and the Minnesota Department of Corrections from this action.

summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

      This Court finds that Magistrate Judge Nelson correctly applied the summary judgment standard. As discussed in the R&R, Comrie and other supervising agents have presented contact logs and affidavits as evidence that Plaintiff was never prohibited from contacting gay adult organizations. In response, Plaintiff relies exclusively on his affidavit that on one occasion from May 18, 2004 to August 2, 2004, Comrie made the alleged statement. For the reasons stated in the R&R, this Court finds that Plaintiff's uncorroborated allegation is insufficient to create a genuine issue of material fact as to whether Comrie forbade Plaintiff from contacting gay adult organizations. The R&R is adopted in its entirety, and Comrie's Motion for Summary Judgment is granted.

## IV. CONCLUSION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 44] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 45] are **OVERRULED**;

3. Defendant's Motion for Summary Judgment [Docket No. 24] is **GRANTED**; and

4. The Clerk is instructed to **TERMINATE** Arrowhead Regional Corrections and the Minnesota Department of Corrections from this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 25, 2007.